**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| YUAN CHUN XIAO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-73476<br><br>Agency No. A099-365-073<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2013**
Seattle, Washington

Before: SCHROEDER and PAEZ, Circuit Judges, and BENITEZ, District Judge.***

Yuan Chun Xiao, a native and citizen of China, petitions for review of an

order of the Board of Immigration Appeals (BIA) dismissing his appeal of a

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

decision by an immigration judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

The BIA erred in upholding the IJ's adverse credibility determination on the basis of the IJ's conclusory demeanor characterization. Although adverse credibility determinations are entitled to "a healthy measure of deference," the IJ may not base an adverse credibility determination on a generalized assertion about demeanor; rather, the IJ should refer to "specific instances in the record that support [his] conclusion . . . ." *Shrestha v. Holder*, 590 F.3d 1034, 1041, 1044 (9th Cir. 2010); *see also Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003). The IJ's unsupported assertion that Xiao began to stutter when he "got off script" is contradicted by record evidence, including the IJ's own observation that throughout the entirety of his testimony, Xiao exhibited a repetitive pattern of speech suggestive of an impediment.

Moreover, the IJ's apparent frustration with Xiao, and in particular, with Xiao's manner of speech, calls into question the IJ's summary dismissal of petitioner's explanations of perceived inconsistencies. The agency must consider a petitioner's explanation of any inconsistencies in determining credibility, because "[t]o ignore a petitioner's explanation for a perceived inconsistency . . . would be to make a credibility determination on less than the total circumstances in

2

contravention of the REAL ID Act's text." *Shrestha*, 590 F.3d at 1044; *see also*

*Soto-Olarte v. Holder*, 555 F.3d 1089, 1091-92 (9th Cir. 2009).

Therefore, we remand to the BIA for proper consideration of whether

substantial evidence supports the IJ's adverse credibility determination, including,

if necessary, a remand to the IJ for further consideration of Xiao's asylum,

withholding of removal, and CAT claims.

**Petition GRANTED and REMANDED.**